IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN SAMUEL LEIGH,
   Petitioner,

v.               Civil action no. 3:04CV35
                Criminal action no. 3:01CR26

UNITED STATES OF AMERICA,
   Respondent.

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On April 29, 2004, the *pro se* petitioner filed a Motion to Vacate Sentence and Set Aside Conviction Under 28 U.S.C. § 2255. By Order entered on June 30, 2004, the Court ordered the respondent to answer the motion. On July 26, 2004, the respondent filed Response of United States to Petitioner's Motion Made Pursuant to 28 U.S.C. § 2255. On October 4, 2004, the petitioner filed a reply.

Thus, this matter which is pending before me for initial review and report and recommendation pursuant to the May 4, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge, is ripe for review.

### A. Conviction and Sentence

On March 21, 2002, the petitioner was convicted by jury in the Northern District of West Virginia of aiding and abetting in retaliating against a federal witness, Bobby Breeden, based on his testimony against the petitioner in case no. 3:00cr57 in violation of 18 U.S.C. §§ 2 and 1513(b)(1).[1]

---

[1] The attack occurred in prison.

On July 15, 2002, the Court sentenced the petitioner to 360 months imprisonment with the first 276 months to run concurrently with the 420 month imprisonment imposed in criminal case no. 3:00cr57 and the final 84 months to run consecutively to his sentence in case no. 3:00cr57.

The petitioner appealed his conviction and sentence. The Fourth Circuit affirmed the petitioner's conviction and sentence. See United States v. Leigh, 61 Fed. App. 854, 2003 WL 1711227 (4th Cir. 2003).

**B. Federal Habeas Corpus**

**Petitioner's Contentions**

(1) Movant was incorrectly sentenced to thirty years due to a mistaken Presentence Investigation report which erroneously gave the maximum penalty charged under 18 USC §§1513(b)(1)(c), retaliation against a witness, as life imprisonment, thereby depriving Movant of his Due Process and Liberty interest rights protected by the Fourteenth Amendment of the U.S. Constitution against excessive punishment.

(2) Trial Counsel was ineffective in not objecting to the mistaken Presentence Investigation Report, thereby denying Movant of his Sixth Amendment right to effective assistance of counsel.

**Respondent's Contentions**

(1) The District Court did not err in imposing a term of imprisonment of thirty years.

(2) The petitioner was provided effective assistance of counsel.

**C. Recommendation**

Upon reviewing the record, I recommend that the petitioner's § 2255 motion be denied because his claims are without merit.

## II. ANALYSIS

### A. Incorrect Sentence

In ground one, the petitioner asserts that the maximum sentence he could have received pursuant to 18 U.S.C. §1513(b)(1) is ten years, and that under U.S.S.G. § 4B1.1 his guideline range is 100-125 months instead of 360 months to life. He further asserts that using § 841(b)(1)(A) to determine "the maximum term that could have been imposed for any offense charged in such case" violates the Double Jeopardy Clause.

First, the petitioner did not raise this ground on appeal. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). See Bousley v. United States, 523 U.S. 614 (1998).

The Government may waive the procedural default defense. See United States v. Metzger, 3 F.3d 756, 757 (4th Cir. 1993), cert. denied, 511 U.S. 1006 (1994). The Government did not raise a procedural default defense. Thus, the undersigned finds that such defense is waived and has addressed the merits of this ground.

> 18 U.S.C. § 1513(b)(1) provides as follows:
>
> (**b**) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for--
>
> (**1**) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or . . .

or attempts to do so, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 1513(c) provides as follows:

**(c)** If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

In the petitioner's case, he was charged and convicted in criminal case no. 3:00cr57 of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The maximum term of imprisonment for violating such section is life imprisonment. Because the petitioner's offense of retaliation was against a witness in criminal case no. 3:00cr57, he was subject to a maximum sentence of life imprisonment.

Further, the Court did not violate the Double Jeopardy clause. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amend. 5. "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." United States v. Dixon, 509 U.S. 688, 695 (1993). Here, the petitioner was not punished for the same offense twice and there is no double jeopardy involved.

In his reply, the petitioner also argues that pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), "even if the statute allowing a defendant to be sentenced twice for the same offense is constitutional, the element of "'the retaliation occurred because of attention and or testimony in a criminal case' should have been submitted to a jury in order for the sentence to be properly imposed."

First, the indictment did properly charge the petitioner and the issue was submitted to the

jury. The indictment provided in pertinent part as follows:

> John Samuel Leigh . . . aided and abetted by each other, did unlawfully, knowingly and intentionally engage in conduct causing bodily injury to a person known to the grand jury with the intent to retaliate against said person for said person's attendance as a witness and testimony given at the official proceeding, to-wit: criminal cases in the United States District Court for the Northern District of West Virginia, *United States v. Michael Paul Puzey and John Samuel Leigh*,Criminal Nos. 3:00cr57 and 3:00cr64, in violation of Title 18, United States Code, Sections 1513(b) and (c) and Title 18, United States Code, Section 2.

Moreover, on appeal the Fourth Circuit noted that two of the petitioner's co-defendants testified that Breeden was assaulted because he had testified against the petitioner. Therefore, the Court properly exercised its discretion in sentencing the petitioner to 360 months imprisonment.

Second, the petitioner is entitled to no relief under Blakely v. Washington, 124 S. Ct. 2531 (2004). Blakely as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537 (citations omitted).

Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, 125 S. Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct

5

review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.   While the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 2005 WL 535361 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 2005 WL 1155220 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the undersigned recommends that the petitioner's claim be denied because Blakely and Booker do not apply retroactively to collateral review.

**B. Counsel was not ineffective**

The petitioner asserts that his attorney was ineffective for failing to advise the Court that the maximum penalty the Court could impose was ten years.

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance.  In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the

6

defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Counsel was not ineffective because the Court could sentence the petitioner to 360 months as the maximum penalty was life imprisonment.

## C. Evidentiary Hearing

The petitioner requests an evidentiary hearing. 28 U.S.C. § 2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus, he is not entitled to an evidentiary hearing.

## III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as it is without merit.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

7

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: June 3, 2005

                                                  James E. Seibert
                                                  JAMES E. SEIBERT
                                                  UNITED STATES MAGISTRATE JUDGE